UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROBIN VAN ARSDOL,

    Plaintiff, Pro Se

       v.

ANDRE CHARLES,

    Defendant.

-------------------------------------------------------------X

## REQUEST FOR EXPEDITED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

*See attached Exhibits A-F plus ancillary exhibits*

I, Robin Van Arsdol (RV), the Movant in this matter, appear pro se. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, I respectfully request an ex parte and under-seal Temporary Restraining Order and Preliminary Injunction against Mr. Andre Charles. This urgent relief is necessary to stop Mr. Charles's escalating campaign of harassment, defamation, racial incitement to violence, with threats of violence targeting me and my property.

Furthermore, Mr. Charles has unlawfully used my copyrighted images—specifically my artwork and likeness—without permission, circulating these infringing materials alongside his harassing and racially inflammatory statements. Mr. Charles' posts have incited the public to find me and commit violent acts towards me and my property. (See Exhibits A-F and Ancillary Exhibits.)

As a result of these threats, I moved from Orlando to a rural area in Longwood, Florida and have been spending more time in Miami as I fear for my safety. The harm caused by Mr. Charles's actions is both severe and ongoing.

I respectfully request that the Court order the immediate removal of all online content authored, reposted, or promoted by Mr. Charles that:

- Contains violent threats or incites violence against me or my property, and
- Uses my copyrighted materials or likeness including content posted on Instagram, Facebook, TikTok, YouTube, and all other social media platforms.

Furthermore, I request that the Court direct social media companies, including but not limited to Instagram, Facebook, TikTok, YouTube, and any other relevant platforms, to remove infringing, threatening, defamatory, and racially inflammatory content pursuant to 17 U.S.C. § 512, 18 U.S.C. § 2261A, and 47 U.S.C. § 230.

## I. FACTUAL BACKGROUND

Mr. Charles is a well-known commercial artist based in New York City, specializing in street art and brand promotion. In 1986, while employed by the Pop Shop, a retail establishment located at 292 Lafayette Street, Mr. Charles assisted in the painting of scaffolded plywood panels that were initially owned by the firm retained to work on building repairs. Upon completion of repairs, the ten plywood panels were being discarded, and I was able to purchase them directly from the firm's foreman. I have lawfully owned and carefully preserved these panels for the past 37 years.

In 2018, 32 years after the panels were created, Mr. Charles retained legal counsel to falsely claim ownership over these ten plywood panels. When I provided clear evidence to Mr. Charles's attorney that disproved his ownership claims, Mr. Charles' attorney withdrew all claims, acknowledging the lack of legal merit in Mr. Charles' ownership assertions.

Since that time, Mr. Charles has launched a dangerous and deliberate smear campaign against me, encouraging the public to track me down and commit violent acts toward me and the panels. In addition, Mr. Charles has appropriated my copyrighted images in these inflammatory posts,

effectively weaponizing and infringing upon my intellectual property. By using these images, which clearly identify both myself and the panels, he has created a direct means to harass, intimidate, and endanger me. Mr. Charles' actions have inflicted significant harm on my overall wellbeing, damaged my reputation, and put my safety at immediate risk.

As a direct result of Mr. Charles's threats that incite violence targeting me and my property, I fear overwhelmingly for my safety. Given the gravity of these threats, I am requesting urgent ex parte relief, as I am in imminent fear for my life and well-being.

**Cyber Harassment & Defamation**

After exhausting all legal ownership avenues, Mr. Charles launched a targeted online campaign to defame me and cause harm to me and my property. He falsely accused me of theft, claiming I had stolen the panels, and posted these racially inciteful statements alongside copyrighted images of both me and the panels.

**(See Exhibit A)** Acharlesnyc posts: *This fake ass artist RV from Florida stole ACharles the artists from NYC art panels off the Pop Shop back in the days with a moving truck.*
*lex-pistols "you goota get at that gallery w/ the police paperwork my guy. These fools TRIPPIN."*

*Official-Post1_otb "BITCH ASS NIGGAZ DO BITCH ASS THINGS KEEP MY THIRD EYE OPEN"*

**(See Exhibit B)** *Mr. Charles encourages the public to stalk me and steal my property, even suggesting a coordinated attempt.*

*Zui-nyc Was this the RV from back in the 80s. Had Corvettte looking car doddles?*

*@serd1nyc: Where is he (RV) at in Florida. I say let's go get our shit bro.(the panels)bro.*

*@acharlesnyc "Blessings Serd and Happy New Year. I'm down for that this spring so hopefully someone will know how to find him."*

**(See Exhibit C)**

*@phildog420 "DATZ EFFED UP"*

*@uglyforever "Time to dust the old ski mask and go take back what is rightfully yours" (the panels.*

*@madeforknights "Shameless"*

These posts not only attacked my character but were also racially charged, using inflammatory language designed to provoke violence towards me and my property. Mr. Charles tagged collectors, museums, and personal and professional contacts in these harmful posts, deliberately spreading his false accusations. His words fueled a toxic online environment, inciting his followers to commit acts of violence against me and my property.

**(See Exhibit D)**

*@Tomteahouse Where in florida im here rn*

*@Acharlesnyc tomteahouse People are looking into it they say he on the low out there somewhere*

*@Tomteahouse Damn bro wtf, so messed up*

*@Sr_nbk_ FAKE ASS THIEF FUCK HIS BITCH ASS (three middle fingers)*

*Optimonyc "Same situation is going on, with me and a bunch of artist @ BLM movement in SOHO. Either it resurfaces (the panels) or it gets burnt."*

*@Acharlesnyc encourages the burning of panels by responding to optimonyc" keep posting and stay on top of it."*

To support these claims, I have provided attached evidentiary exhibits documenting Mr. Charles's harassment and violent posts, including screenshots of his social media statements, images, and racially inflammatory content that directly target me and my property. These exhibits serve as irrefutable evidence of his ongoing harassment and the harm caused to my reputation and overall wellbeing.

**Elder Abuse**

As a 75-year-old, I am particularly vulnerable to harassment and emotional distress. Mr. Charles's ongoing campaign of online threats and harassment has caused significant emotional and psychological harm. The stress and anxiety generated by his attacks have directly impacted my physical health, including causing high blood pressure and emotional exhaustion. Mr. Charles's conduct qualifies as elder abuse under New York Social Services Law § 473, which protects elderly individuals from abuse, including emotional distress caused by malicious harassment.

**Threats of Violence & Incitement**

Mr. Charles's actions escalated as he directly encouraged his followers to find me and take back what he falsely claimed were stolen panels that belonged to him contained racial slurs and explicit calls to violence, making it clear that Mr. Charles was inciting his audience to take dangerous, unlawful actions to harm me. As a result of these threats, I now live in fear for my physical safety and well-being.

The attached evidentiary exhibits provided also include evidence of these direct threats and racial incitement to violence, highlighting the dangerous nature of Mr. Charles's conduct and the immediate risk to my safety.

**False Police Reports**

In an effort to lend credibility to his fabricated claims, Mr. Charles falsely stated that he had filed criminal complaints with the NYPD and the FBI, publicly tagging these agencies in his social media posts.

*(See* **Exhibit E***) Mr. Charles writes, "This artwork was done by Andre Charles. It was stolen from me right off the Pop Shop. This fake white artist called RV. If seen please report to the police and notify me.* These accusations were made with malicious intent, designed to escalate the harassment and portray me as a criminal. However, upon contacting both agencies, I was informed that no such reports had been filed. This act of claiming to have filed police reports only compounds the harm and further destabilizes my health, safety and reputation.

**Incitement to Racial Violence and Hate Speech**

Mr. Charles's statements not only constitute harassment and defamation, but also rise to the level of incitement to violence on the basis of race. His posts contain racially charged language and threats which appear designed to inflame his audience and encourage violent retaliation.

*@acharlesnyc No he stole my art panels its not about the credit… it's about art robbery and RV is a white man ina white world telling lies about my artwork.. You can run but you can't hide. This gallery world is made up of white artists that they fake everything copy our street art always stealing from the black artists.*

*(See* **Exhibit E and F)**

*Acharles @stepthirtynine blessing just need to find him now RV come out and pay!!! RV come out and pay!!RV come out and Payaaaaaaa!!!*

*@Bro0000ski Put that boy on blast*

*@tomteahouse where in Florida I'm here right now*

*@acharlesnyc tomteahouse People are looking into it they said he on the low out there somewhere. I'll come see you soon.*

*@tomteahouse Damn bro wtf, so messed up*

*@sr_nbk_ FAKE ASS THIEF (three middle fingers) FUCK HIS BITCH ASS*

*Timandvicstagram: Wow. You painted that and homeboy is showing it without crediting you?*

*Acharles no he stole my art panels its not about crediting it's about art robbery. RV is a white man in a white art world telling lies about my artwork.*

Such conduct may violate:

- 18 U.S.C. § 245 (federal civil rights law protecting individuals from threats or intimidation based on race or color in relation to federally protected activities),
- New York Penal Law § 485.05 (Hate Crimes statute), and
- New York Civil Rights Law § 40-c, which prohibits discrimination and violence based on race.

Courts recognize that speech which crosses into incitement of violence or hate crimes is not protected under the First Amendment and may warrant injunctive relief. *See Brandenburg v. Ohio*, 395 U.S. 444 (1969).

## IV. LEGAL STANDARD

To obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate:

- A likelihood of success on the merits;
- A likelihood of irreparable harm in the absence of preliminary relief;
- That the balance of equities tips in the plaintiff's favor; and
- That an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

In the Second Circuit, a plaintiff may also satisfy the first prong by showing "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor." *Mastrovincenzo v. City of New York*, 435 F.3d 78, 90 (2d Cir. 2006).

## V. ARGUMENT

**A. Likelihood of Success on the Merits**

**Copyright Infringement**

Defendant has publicly used and distributed my copyrighted photographs and video recordings online without my permission, in violation of 17 U.S.C. § 501. Screenshots documenting these unauthorized uses are attached as exhibits. The infringing posts remain live and accessible on social media, making the infringement ongoing and actionable. Courts have recognized that the continued online availability of infringing material constitutes a continuing violation.

*See Capitol Records, LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 655 (S.D.N.Y. 2013); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007).

**Elder Abuse**

As a 75-year-old, I fall under the protection of New York Social Services Law § 473. Mr. Charles's campaign of targeted online harassment—marked by aggressive, threatening, and harassing content—has caused significant emotional distress, contributing to serious health consequences such as high blood pressure and anxiety.

*See In re Richard S.*, 74 A.D.3d 1442, 1443 (3d Dep't 2010).

**Cyber Harassment and Incitement**

Mr. Charles's repeated, hostile online communications, some of which include racialized threats and false narratives, violate New York Penal Law § 240.30, which prohibits intentional communication of threats or harassment via electronic means. The inflammatory nature of these posts risks inciting others to cause me harm.

**False Police Reports**

Mr. Charles has publicly tagged law enforcement (NYPD and FBI) in fabricated allegations, encouraging official scrutiny based on knowingly false accusations. These actions constitute false reporting under New York Penal Law § 240.50.

**Incitement to Racial Violence and Hate Speech**

Mr. Charles's posts contain racially charged language and threats designed to provoke violence and retaliation, violating federal civil rights statutes and state hate crime laws.

*See Brandenburg v. Ohio*, 395 U.S. 444 (1969).

**B. Irreparable Harm**

The harms I face—reputational damage, emotional distress, and threats to my personal safety—are not adequately compensable by monetary damages. Courts have consistently recognized that

the loss of reputation, particularly through ongoing defamatory and infringing content online, constitutes irreparable harm.

See *New York Magazine v. Metro. Transp. Auth.*, 136 F.3d 123, 127 (2d Cir. 1998); *Int'l Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 71 (2d Cir. 1996).

Although many of Mr. Charles's posts were made weeks or months ago, they remain live and widely accessible on social media platforms including Instagram, Facebook, YouTube and TikTok. The ongoing presence of these posts perpetuates the harm each day they remain available.

See *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004).

### C. Balance of Equities

The requested relief would impose no unlawful burden on Mr. Charles. It simply requires him to cease infringing and harassing activity and to remove unlawful posts. In contrast, I face irreversible and compounding harm each day the content remains online and accessible.

See *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010).

### D. Public Interest

The public has a clear interest in preventing cyber harassment, defamation, elder abuse, copyright violations, and racially inflammatory speech. Courts recognize that the public interest is served by upholding the rule of law and protecting individuals from unjustified harm.

See *Doe v. Cuomo*, 755 F.3d 105, 113 (2d Cir. 2014); *Chanel, Inc. v. Replicachanelbag.com*, 362 F. Supp. 3d 1256, 1266 (S.D. Fla. 2019).

## VI. EX PARTE RELIEF AND INABILITY TO SERVE DEFENDANT

I respectfully request that the Court consider this motion ex parte and under seal due to the immediate danger to my safety. As a result of the direct threats incited by Mr. Charles's social media posts, I have been forced to flee my home in Orlando. I am currently residing in a studio in Longwood, Florida while having to spend more time in Miami as I live in constant fear for my life.

I do not have a confirmed address for Mr. Charles and, at this time, cannot safely serve him. Mr. Charles has publicly encouraged the public to "track me down" and confront me, which increases the risk to my personal safety. Alerting him to the motion before protective relief is granted would expose me to further harm and retaliation.

## VII. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (federal question and copyright law), and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as Mr. Charles resides in this District and a substantial part of the events giving rise to this action, including the publication of the defamatory and harassing posts, occurred within this District. Specifically, Mr. Charles's unlawful and harassing online actions, including the distribution of my copyrighted images and the incitement to violence, were made through social media platforms accessible to and directed at individuals within this District.

## VIII. RELIEF REQUESTED

I respectfully request that the Court:

1. Issue a Temporary Restraining Order without notice to the Defendant, directing Mr. Charles and anyone acting in concert with him to:

    • Cease all defamatory, threatening, and harassing statements about me;

    • Cease using any of my copyrighted images or videos;

    • Remove all false, infringing, threatening, and racially inflammatory posts on all platforms (including Instagram, Facebook, TikTok, YouTube, etc.);

    • Cease filing false police or FBI reports;

    • Cease inciting racial violence or calling for public confrontation or harassment.

2. Direct all major social media platforms, including but not limited to Instagram, TikTok, YouTube, Facebook, and others, to remove content that infringes on my copyrights or contains threats, harassment, or racially incendiary statements, pursuant to 17 U.S.C. § 512, 18 U.S.C. § 2261A, and 47 U.S.C. § 230.

3. Waive any bond requirement as I have limited financial resources.

4. Grant any other relief the Court deems just and proper.

**Respectfully submitted,**

*[signature: Robin Van Arsdol]*

Robin Van Arsdol, Plaintiff Pro Se

130 Bomar Court, Unit 120

Longwood, Florida 32750

Rvarsdolkh1945@outlook.com