UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ROBIN CRAIG VAN ARSDOL,

                Plaintiff,

    -against-

ANDRE PIERRE CHARLES,

                Defendant.
---------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-4806 (NRM) (VMS)

NINA R. MORRISON, United States District Judge:

On June 26, 2025, Plaintiff Robin Craig Van Arsdol, a citizen of Florida and appearing *pro se*, filed a motion seeking a preliminary injunction and temporary restraining order against Defendant Andre Pierre Charles, a citizen of New York, in the United States District Court for the Southern District of New York. ECF No. 1. On June 30, 2025, the Honorable Laura Taylor Swain, United States District Judge, granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 7. On June 30, 2025, Plaintiff filed a proposed order to show cause for emergency relief. ECF No. 9.[1]

By Order dated July 1, 2025, Judge Swain directed Plaintiff to file a complaint and provide an address at which Defendant may be served. ECF No. 8. On August 5, 2025, Plaintiff filed a complaint. ECF No. 16. On August 28, 2025, the action was transferred to the Eastern District of New York. ECF No. 17.

---

[1] On October 9, 2025, Plaintiff electronically refiled his request for emergency relief under the assumption that it was not transferred to this Court by the Southern District of New York, *see* ECF Nos. 25–29; however, it was transferred. *See* ECF Nos. 1–2, 9.

On September 3, 2025, the Clerk of Court issued a Notice of Deficiency and notified Plaintiff that his complaint must be signed within 14 days in order to proceed. ECF No. 20. On September 12, 2025, Plaintiff filed a signed complaint. ECF No. 21. As set forth below, Plaintiff's complaint is dismissed with leave to amend and Plaintiff's proposed order to show cause for emergency relief is denied.

## BACKGROUND

Plaintiff alleges that the Court has jurisdiction over this matter pursuant to federal question, diversity and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1332, 1367. This case involves the ownership of "ten original painted plywood art panels." ECF No. 21 at 2.[2] Plaintiff alleges that Defendant "filed a fraudulent 2017 copyright registration with the U.S. Copyright Office, falsely asserting that he was the original creator and copyright owner of the ten panels." *Id.* at 3. Plaintiff claims that an unidentified lawyer "determined [that] Mr. Charles has no valid ownership or copyright claims to the ten art panels, withdrawing relevant complaint against Plaintiff." *Id.*

Plaintiff brings this action against Defendant "for harassment, defamation, and online attacks targeting Plaintiff," where Defendant allegedly "falsely accused Plaintiff of being a fraud, a racist, and a thief who stole the painted plywood panels from the Defendant and encouraged others to boycott and discredit Plaintiff in the art community." *Id.* Plaintiff seeks unspecified damages, injunctive and declaratory relief for defamation and fraudulent copyright registration. *Id.* at 4–5.

_____

[2] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the pleading state of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). But the Court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

When a litigant files a lawsuit *in forma pauperis* — that is, without paying the filing fee — a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## **DISCUSSION**

### A. Federal Question Jurisdiction — Fraudulent Copyright Registration

Plaintiff alleges that Defendant obtained a fraudulent copyright registration and seeks relief pursuant to 17 U.S.C. § 506(e) and 18 U.S.C. § 1001. ECF No. 21 at 4. However, "there is no private cause of action under the criminal provisions of the copyright law." *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 39 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950 (1994); *see also Jones v. Atlantic Recording Corp.*, No. 23-1348, 2025 WL 1872808, at *2 (2d Cir. July 8, 2025) ("There is no private right of action for a plaintiff to enforce a federal criminal copyright claim under 17 U.S.C. § 506 and 18 U.S.C. § 2319.") (citations omitted). Therefore, the Court lacks federal question jurisdiction over the alleged fraudulent copyright registration. Fed. R. Civ. P. 12(h)(3).

### B. Diversity Jurisdiction — Defamation Claim

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 97 (E.D.N.Y. 2019).

Plaintiff does not establish diversity jurisdiction under 28 U.S.C. § 1332 because although there appears to be complete diversity of citizenship among the parties,[3] Plaintiff's allegations must establish a "reasonable probability that the amount-in-controversy requirement is satisfied." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *2 (2d Cir. Jan. 26, 2023) (citation omitted); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff does not set forth the amount in controversy and his claims do not, at this juncture, establish a reasonable probability that Plaintiff can recover in excess of $75,000 to meet the statutory jurisdictional requirement. *See Turban v. Bar Giacosa Corp.*, No. 19-CV-1138, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) ("[T]he Court is not required to presume that bare allegations in the complaint are a good faith representation of the actual amount in controversy.") (citation modified).[4]

---

[3] However, Plaintiff must file a Diversity Disclosure statement setting forth the citizenship of each party. *See* Rule 7.1 of the Federal Rules of Civil Procedure.

[4] To the extent Plaintiff may seek to rely on punitive damages to meet the jurisdictional amount, *see* ECF No. 21 at 5, such damages will be considered with heightened scrutiny. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law."); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly

He also has not provided any specific allegations about the damages he suffered as a result of the Defendant's actions that would allow this Court to reasonably infer that such damages might exceed $75,000, even under the liberal standards that apply to *pro se* litigants.

Therefore, the Court lacks diversity jurisdiction over this matter and Plaintiff's state law defamation claim is dismissed, without prejudice, for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with leave to amend to show satisfaction of the amount in controversy requirement and submission of a disclosure statement pursuant to Fed. R. Civ. P. 7.1.

C. <u>Plaintiff's Proposed Order to Show Cause for Emergency Relief</u>

Plaintiff has also filed a proposed order to show cause for emergency relief. Because the Court finds that the underlying Complaint is not properly before the Court for the reasons set forth above, the Court has no jurisdiction to issue the emergency injunctive relief Plaintiff seeks.

<u>**CONCLUSION**</u>

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). *See* ECF No. 21. Plaintiff's proposed order to show cause for emergency relief and request for expedited *ex parte* motion for a temporary restraining order and preliminary injunction are denied without prejudice. *See* ECF Nos. 1–2, 9, 25–28.

---

where there would be no diversity without such damages." (citing *Nwanza*, 125 F. App'x at 349)).

In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff until **November 23, 2025** to file an amended complaint that alleges a basis for the Court's subject matter jurisdiction.

If Plaintiff wishes to continue to pursue his action in this Court (as opposed to refiling the action in state court) and elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-4806 (NRM) (VMS). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against the defendant with personal involvement for the acts or omissions giving rise to his claims. Should Plaintiff seek to invoke the Court's diversity jurisdiction, he is required to show complete diversity of citizenship by filing a disclosure statement and allege facts to show that he has met the amount in controversy requirement.

The amended complaint shall replace, not supplement, the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and to note the mailing on the docket.

Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:      October 23, 2025
            Brooklyn, New York